(38 Misc. Rep. 163.)

PEOPLE ex rel. O'BRIEN v. HAYES, Warden.

(Supreme Court, Special Term, Kings County. May, 1902.)

HABEAS CORPUS—ERROR OF COMMITTING MAGISTRATE.

    Where a person is held to the grand jury, charged with the crime of grand larceny, and the matter is sent by the grand jury to a court of special sessions, to be disposed of as petit larceny, and he is convicted of such crime, he cannot procure his discharge on habeas corpus because the magistrate who heard the charge erroneously sent the case to the grand jury in the first instance, instead of the court of special sessions, to which it belonged.

Habeas corpus by the people, on the relation of John O'Brien, against Patrick Hayes, warden of Kings county penitentiary. Writ dismissed.

The relator was charged with grand larceny, and held by a city magistrate to await the action of the grand jury, which did not indict, but sent the case to the court of special sessions, where it was disposed of as petit larceny, of which relator was convicted, and sentenced to the penitentiary.

John C. Judge, for relator.

John F. Clarke, Dist. Atty., and William C. Courtney, Asst. Dist. Atty., opposed.

SMITH, J. No substantial right of the relator was invaded. He had a·hearing before the magistrate on a charge of larceny. The magistrate held him to await the action of the grand jury for the crime of grand larceny. The grand jury failed to indict him. The fact that the grand jury refused to find a bill of indictment, with a memorandum that the case be sent to the court of special sessions, to be disposed of as petit larceny, was irregular, but its legal effect was the same as a simple refusal to find an indictment. The court of special sessions had jurisdiction to try the relator upon the charge of petit larceny. He is not entitled to a discharge now because the magistrate erred in sending the case to the grand jury in the first instance, instead of the court of special sessions, where it belonged.

Writ dismissed.