### PEOPLE ex rel. HERTZ v. WARDEN OF CITY PRISON.

(Supreme Court, Appellate Division, First Department. March 29, 1912.)

HABEAS CORPUS (§ 113*)—APPEAL—DISMISSAL.

Where one arraigned before a city magistrate, charged with a criminal offense, on surrender by surety, sued out a writ of habeas corpus, claiming a discharge on the ground that the complaint did not state facts sufficient to connect her with the offense, an appeal from the dismissal of the writ will be dismissed, where it is shown that an information has been filed in the Court of Special Sessions charging the same offense, and that the prisoner has pleaded thereto, since the case was thereby removed from the magistrate's jurisdiction.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*]

Appeal from Special Term, New York County.

Habeas corpus by Rosa Hertz against the Warden of the City Prison. Writ dismissed, and relator remanded, and relator appeals. Appeal dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, DOWLING, CLARKE, and SCOTT, JJ.

Stanley L. Richter, Asst. Dist. Atty., for the motion.

Leon Levy, opposed.

PER CURIAM. The relator was arraigned before a city magistrate, charged with the crime of maintaining a disorderly house. The examination of the relator under this charge was at her request adjourned to February 21, 1912, and she was admitted to bail in the sum of $2,500. Thereafter, on February 21st, the relator was surrendered by her surety, and was in the custody of the warden of the City Prison. Whereupon she sued out a writ of habeas corpus before a Justice of the Supreme Court, claiming her discharge upon the ground that the complaint upon which she was arraigned before the magistrate did not state facts sufficient to connect her with the crime charged. The Justice of the Supreme Court, before whom the habeas corpus proceeding was had, reserved decision and admitted the relator to bail. Subsequently the writ was dismissed, and the relator remanded.

On February 29th an information was filed by the district attorney in the Court of Special Sessions, charging the relator with the crime of maintaining a disorderly house, to which information the relator interposed a plea of not guilty, and the issue raised by that plea has not yet been disposed of. Thus the relator is now held under the commitment of the magistrate dated February 28th, the information filed by the district attorney in the Court of Special Sessions, and the plea

thereto.· It thus becomes entirely immaterial whether the original charge was sufficient to justify the arrest of the relator under the warrant of the magistrate. The case has been removed from that jurisdiction to the Court of Special Sessions; and if this court should hold that the original arraignment before the magistrate was based upon an insufficient charge, the relator would not be entitled to be discharged, as the subsequent commitment by the magistrate and the arraignment and plea before the Court of Sessions superseded the original warrant of the magistrate.

The question, therefore, becomes purely academic, and the motion to dismiss the appeal must be granted.