(158 App. Div. 456.)

MOLLOY v. VILLAGE OF BRIARCLIFF MANOR.

(Supreme Court, Appellate Division, Second Department. October 3, 1913.)

1. PLEADING (§ 258*)—LEAVE TO AMEND—DURING TRIAL.

In an action against a village, begun in 1908 and reversed in 1911, after which defendant served an amended answer, alleging that the contract sued on was void because workmen were employed more than eight hours a day, leave asked during the trial to further amend the answer, so as to allege that they were so employed where there was no extraordinary emergency, was properly refused.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 765–782; Dec. Dig. § 258.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 374*)—ACTIONS—PLEADING—VIOLATION OF LABOR LAW.

Under Laws 1906, c. 506, § 3, making void all contracts under which workmen on municipal work are worked more than eight hours a day, except in cases of extraordinary emergency, when a municipality claims that a contract is avoided, it must allege, not only that workmen were worked more than eight hours, but that they were so worked when there was no extraordinary emergency.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. § 374.*]

3. MUNICIPAL CORPORATIONS (§ 339*)—PUBLIC IMPROVEMENTS—CONTRACTS— VIOLATION OF LABOR LAW.

Under Laws 1906, c. 506, § 3, making void all contracts for municipal work which do not contain a provision that workmen shall not be employed more than eight hours a day, a contract containing such a provision in proper form, though referring to a prior statute, is not invalid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 868, 870–873; Dec. Dig. § 339.*]

4. MUNICIPAL CORPORATIONS (§ 374*)—PUBLIC IMPROVEMENTS—CONTRACTS— VIOLATION OF LABOR LAW.

Laws 1906, c. 506, § 3, making void all contracts for municipal work under which workmen are employed more than eight hours a day, except in cases of emergency, being penal in nature and tending to cause forfeitures, the burden should not be cast on the contractor, suing for compensation, to show that an emergency existed when a violation of the act was alleged to have occurred.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. § 374.*]

Appeal from Trial Term, Westchester County.

Action by Frank W. Molloy against the Village of Briarcliff Manor. From a judgment for plaintiff, and also from orders granting plaintiff's motion to amend the complaint, and denying defendant's motion to amend its answer, the defendant appeals. Affirmed.

See, also, 145 App. Div. 483, 129 N. Y. Supp. 929.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

William Woodward Baldwin, of New York City, for appellant.

Franklin Nevius, of New York City (L. Laflin Kellogg and Alfred C. Pette, both of New York City, on the brief), for respondent.

THOMAS, J. The disputed items have been considered, and it is concluded that the verdict is sustained by sufficient evidence, and also that the several exceptions should be overruled. There is a question that requires some discussion.

[1] The action was begun in 1908. The first judgment was reversed in June, 1911, and thereafter defendant served an amended answer alleging a breach of the contract:

"In that he permitted or required laborers, workmen, or mechanics in his employ, in doing the said work contemplated by the said contract, to work more than eight hours in one calendar day."

But the plaintiff was enabled to work men more than eight hours in one day "in cases of extraordinary emergency caused by fire, flood, or danger to life or property." But the defendant failed to allege

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the overwork was not in any of such cases. Upon the trial it asked to amend its answer so as to state; but the court denied it, and I think properly. Then defendant asked a witness, who had furnished teams for the work, what was said to him by the plaintiff prior to furnishing them. The question as to what was said about teams is not strictly probative of a charge that laborers, workmen, or mechanics overworked, although it may have been introductory to that subject. But it is apparent that the court intended to sustain the objection to any evidence on the proffered issue, and so the essential question should be met.

[2] Should the defendant have alleged that the case was not within the exception? The statute in force when the contract was made was chapter 506, Laws of 1906, enacted May 19th. The contract was dated October 1, 1906, and contained the stipulation required by section 3, chapter 415, Laws of 1897, as amended by chapter 567, Laws of 1899, which has been declared unconstitutional. People ex rel. Rodgers v. Coler, 166 N. Y. 1, 59 N. E. 716, 52 L. R. A. 814, 82 Am. St. Rep. 605; People ex rel. Cossey v. Grout, 179 N. Y. 417, 72 N. E. 464, 1 Ann. Cas. 39. The statute existing at the time was, so far as material, as follows:

"Hours to Constitute a Day's Work.—Eight hours shall constitute a legal day's work for all classes of employees in this state except those engaged in farm and domestic service unless otherwise provided by law. * * * Each contract to which the state or a municipal corporation or a commission appointed pursuant to law is a party which may involve the employment of laborers, workmen or mechanics shall contain a stipulation that no laborer, workman or mechanic in the employ of the contractor, sub-contractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract shall be permitted or required to work more than eight hours in any one calendar day except in cases of extraordinary emergency caused by fire, flood or danger to life or property. * * * No such person or corporation shall be entitled to receive any sum nor shall any officer, agent or employee of the state or of a municipal corporation pay the same or authorize its payment from the funds under his charge or control to any such person or corporation for work done upon any contract, which in its form or manner of performance violates the provisions of this section, but nothing in this section shall be construed to apply to persons regularly employed in state institutions, or to engineers, electricians and elevator men in the department of public buildings during the annual session of the legislature, nor to the construction, maintenance and repair of highways outside the limits of cities and villages."

[3] Hence the plaintiff was not entitled to recover anything, nor was the defendant competent to pay anything, for work done under the contract, if, in form or manner of performance, there was a violation of the provisions of the section. But the contract was in form obedient to the statute, although reference to the old rather than the new statute was made, but the stipulation is pursuant to the old statute. But unless the stipulation be referable to the then existing law, there could be no recovery, as the contract would be void, and the plaintiff upon its introduction would show that he had no cause of action. But did the manner of its performance violate the statute? Must plaintiff assert and prove the validity of his contract, and is it sufficient for the defendant to deny it, or may the plaintiff assume the continuance of the contract and must the defendant plead that it has

ceased? I think that the burden was not on the plaintiff. The contract was made by the parties in proper form. Hence it had a valid inception. It presumptively continued a valid contract, and as such the plaintiff sued under it to recover payment according to its' promises. Hence all that he was obliged to prove was that he did the work and that payment was due. The defendant then denies the existence of the contract on which suit is brought, and asserts the disability of the plaintiff to receive and of the defendant to pay. The condition on which the contract may become void is subsequent, for the contract becomes a fact, and loses its existence only on the happening of an event in the course of its performance. It would be a strange construction that would require a person, enabled to make and so making a contract sanctioned by public policy, to plead that he had not violated a general law of the state, and had not by any violation become unable to sue, and that his contract, once lawful, had not become vitiated.

The stipulation is not material to the performance of the work to be done, but inheres in the capacity of the parties to continue their contractual relations in case of a transgression of public policy. Hence. the defendant, if it would have the plaintiff deprived of his ability to sue under the contract, should assert the disability and the reason for it. Did he not pay the prevailing rate of wages? Did he require men to work more than eight hours per day in cases other than of the extraordinary emergency enumerated in the statute? Whatever of such things were done in violation of the statute the defendant should point out. But the defendant is content to allege that plaintiff violated the contract by permitting or requiring men to work more than eight hours. But that is not necessarily a violation of the statute. For the statute declares that in cases he may work the men over eight hours. Is the defendant referring to overwork in such cases, or in cases when such conditions did not exist. The statute makes two classes of cases, in one of which men must not work over eight hours, and in the other of which they may. It does not put the plaintiff in the wrong if by his connivance or will the men worked over the allotted time, but it is the occasion of their excess that qualifies the labor as a violation of, or obedient to, law. Things excepted from a statute are as if it were not enacted. A proviso avoids them by way of defeasance or excuse, it is said, and so it is urged that in the present statute the exception is a mere proviso that excuses the violation of the statute, and that it need not be negatived. But when a statute declares that men shall not be permitted to labor more than eight hours on work, but excepts occasions when they may, there is no presumption that by so working the contractor disobeyed the law or incurred penalty, and that he must go to court and primarily make excuses for doing the lawful act.

[4] The statute is penal in its nature; it tends to the forfeiture of important property interests; it is capable of arresting or preventing the progress of great public works, and the alleged offender at the bar of the court should not be compelled to show that the act was not a guilty one, and to excuse it by manifesting the conditions under which it was done. Section 2143 of the Penal Code provides:

"All labor on Sunday is prohibited, excepting the works of necessity and charity."

An indictment that charged that a person labored on Sunday, without stating that the work was not of necessity or charity, would not state a crime. Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398; People v. Stedeker, 175 N. Y. 57, 67 N. E. 132. And yet the things within the exception furnish an excuse quite as much as does the emergency work in the present statute. I see no occasion for discussing People ex rel. Rodgers v. Coler, 166 N. Y. 1, 59 N. E. 716, 52 L. R. A. 814, 82 Am. St. Rep. 605, in the Appellate Division, or Village of Medina v. Dingledine, 152 App. Div. 307, 136 N. Y. Supp. 786.

The judgment and orders appealed from should be affirmed, with costs. All concur.