(164 App. Div. 150)

PEOPLE ex rel. PHILLIPS v. HANLEY, Warden. (No. 6208.)

(Supreme Court, Appellate Division, First Department. October 23, 1914.)

1. HABEAS CORPUS (§ 97\*)—RIGHT TO WRIT—TIME—FILING INFORMATION.

Whether the evidence before a committing magistrate was sufficient to justify his commitment could not be determined on habeas corpus, not sued out until after the filing of an information in the Court of Special Sessions.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 97.\*]

2. INDICTMENT AND INFORMATION (§ 45\*)—FILING—EFFECT.

Where a person charged with an offense is held for trial at Special Sessions by a committing magistrate, and an information is filed in that court, the information takes the place of the indictment, and its filing transfers jurisdiction to the Court of Special Sessions.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 156; Dec. Dig. § 45.\*]

Appeal from Special Term, New York County.

Habeas corpus by the People, on the relation of Henry Wallace Phillips, against John J. Hanley, Warden of the City Prison. From an order dismissing the writ, relator appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

L. C. Whiton, of New York City, for appellant.

George Z. Medalie, of New York City (Stanley L. Richter, of New York City, on the brief), for respondent.

SCOTT, J. The relator, charged with a crime of the grade of a misdemeanor, was held by a city magistrate, after an extended examination, for trial at the Special Sessions. Thereupon the district attorney filed an information in said Court of Special Sessions, charging the relator with the crime for which he had been held. Before pleading to the information, or making any motion in respect thereto, the relator sued out a writ of habeas corpus, claiming that the evidence before the magistrate was insufficient to justify his commitment.

[1] There are two sufficient reasons why the writ was properly dismissed. In the first place it is too late, after an information has been filed, to review by habeas corpus the sufficiency of the evidence upon which a defendant was held by the committing magistrate. People ex rel. Hertz v. Warden, etc., 149 App. Div. 939, 134 N. Y. Supp. 443.

---

[2] It is quite immaterial whether the information has been pleaded to or not. It takes the place of an indictment in other cases and by its filing jurisdiction is transferred to the Court of Special Sessions. All the legal rights of the person accused can be safeguarded by an appropriate motion in that court. This precise point was involved and necessarily passed upon in People ex rel. Hertz v. Warden, etc., 154 App. Div. 888, 138 N. Y. Supp. 1136, affirmed 207 N. Y. 685, 101 N. E. 1117.

But, quite apart from the question above discussed, the evidence taken before the committing magistrate, including the evidence of the relator himself, was more than ample to justify his being held upon the charge against him.

The order is therefore affirmed. All concur.