# SUPREME COURT—APPELLATE DIVISION— FIRST DEPARTMENT,

## April 9, 1915.

## THE PEOPLE v. FRANK MAESTRY.

### (167 App. Div. 266.)

MURDER—EVIDENCE—STATEMENTS BY PROSECUTING ATTORNEY PREJUDICIAL TO DEFENDANT.

Upon the trial of a defendant for murder it is reversible error to allow the prosecuting attorney to inquire of defendant's witnesses, over objection and exception, whether or not they knew certain persons, in no way connected with the case, who were characterized as members of a " gang," and also to ask each witness if he had not seen such persons in the court house during the trial, and further in his summing up to comment upon the supposed presence of the so-called " gang," especially where the instructions to the jury were insufficient to counteract the unfavorable impression created.

APPEAL by the defendant, Frank Maestry, from a judgment of the Supreme Court, Criminal Term, rendered against him on the 10th day of November, 1913, convicting him of the crime of murder in the second degree, and also from an order entered in the office of the clerk of the county of New York on the 10th day of November, 1913, denying his motion for a new trial.

*Samuel Wechsler* [*John Palmieri* with him on the brief], for the appellant.

*Louis Fabricant*, for the respondent.

SCOTT, J.:

The defendant has been convicted of murder in the second

People v. Shenk, 142 N. Y. Supp., 1081; s. c. 30 N. Y. Cr. Rep., 128, which is to move to dismiss the information because of the insufficiency of evidence and that, therefore, the Magistrate had no jurisdiction to hold the defendant for trial. See also People ex rel. Phillips v. Hanley, 164 App. Div. 150. Even the regularity of this practice has been questioned.

The demurrer is, accordingly, overruled.

All concur.