(167 App. Div. 332)

PEOPLE v. CULLY. (No. 7220.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

1. CRIMINAL LAW ⬤➡5—PROCEDURE—POWER OF LEGISLATURE.

    The Legislature may regulate the procedure in criminal cases.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3, 4; Dec. Dig. ⬤➡5.]

2. CRIMINAL LAW ⬤➡968—MOTION IN ARREST—SCOPE OF CHARGE.

    Code Cr. Proc. § 467, provides that a motion in arrest is an application by defendant that no judgment be rendered on a plea or verdict of guilty, and it may be founded on any of the defects in an indictment mentioned in section 331. Section 331 provides that the objections mentioned in section 323 can be taken only by demurrer, except that the objection to the jurisdiction or that the facts stated do not constitute a crime may be taken by a motion in arrest. Inferior Courts Act (Laws 1910, c. 659) § 31, subd. 4, makes all sections of the Code of Criminal Procedure consistent with the act regulating and controlling the procedure of the Court of General Sessions applicable to the Court of Special Sessions. *Held* that where accused was convicted in the Court of Special Sessions, a motion in arrest would only reach the question whether the information which by Code Cr. Proc. § 742, is substituted for an indictment, charged a crime or whether the court had jurisdiction, and hence conviction could not be arrested on the ground that the facts proven were insufficient to make out the offense charged.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2423–2432, 2435–2444; Dec. Dig. ⬤➡968.]

Appeal from Court of Special Sessions, New York County.

Thomas Cully was charged with Sabbath breaking. From an order granting the motion in arrest of judgment, the People appeal. Order reversed, and case remanded, with directions.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Robert S. Johnstone and Charles Albert Perkins, Dist. Atty., both of New York City (Louis Fabricant, of New York City, on the brief), for appellant.

Baldwin, Fisher & Potter, of New York City, for respondent.

CLARKE, J. The information accuses the defendant of the crime of Sabbath breaking, committed as follows:

"At the city of New York, in the county of New York, the said defendant on the 11th day of October, 1914, the said day being the first day of the week,

commonly called Sunday, unlawfully caused and permitted divers persons whose names are to me unknown, to slaughter and dress divers pigs in the premises there situated at Nos. 621 and 637 West Fortieth street, the said work of slaughtering not being then a work of charity or necessity; against the form of the statute, etc.

"And I further accuse the said defendant of the crime of Sabbath breaking, committed as follows: The said defendant on the day and in the year and county aforesaid, in the premises aforesaid, unlawfully carried on the trade of slaughtering animals, the said trade not being a work of necessity required to be carried on during the said day, which said day was then the first day of the week, commonly called Sunday; against the form of the statute," etc.

To this information the defendant pleaded not guilty. He was tried and convicted, and thereafter a motion in arrest of judgment was granted. The district attorney states that the purpose of the appeal is to procure an adjudication that will serve to determine definitely the proper practice and procedure respecting motions in arrest of judgment to be pursued by the Court of Special Sessions. He states that the learned court appears to be under the impression that it is proper to "arrest judgment" when the court is in doubt whether the facts proved upon the trial are sufficient to make out the offense charged in the information.

Before the adoption of the Code of Criminal Procedure, it was held, in People v. Thompson, 41 N. Y. 1, that a motion in arrest of judgment could only be based upon some defect in the record, and not upon any mistake of the court upon the trial, or of the jury in giving their verdict, and that the testimony constitutes no part of the record. See, also, People v. Allen, 43 N. Y. 28.

In Jacobowsky v. People, 6 Hun, 524, Daniels, J., whose opinion was adopted by the Court of Appeals (64 N. Y. 659), said:

"It is insisted that the judgment in this case should have been arrested, because the proof on the trial did not show that the house charged to have been disorderly was situated in the Seventeenth ward of the city of New York, as it was alleged to be by the indictment. This position is very clearly untenable, because motions in arrest of judgment are not supported by mere defects of evidence. They are made upon supposed defects in the record itself, of which the evidence given upon the trial forms no part. Whart. Crim. Law, §§ 3045–3047. The remedy for defective proof is by way of objection and exception, on that account, upon the trial."

The subject is now controlled by statute.

Section 467 of the Code of Criminal Procedure provides:

"A motion in arrest of judgment is an application, on the part of the defendant, that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant upon the plea of a former conviction or acquittal. It may be founded on any of the defects in the indictment, mentioned in section 331."

Section 331 provides:

"The objections mentioned in section three hundred and twenty-three can only be taken by demurrer; except that the objection to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a crime, may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

And section 323 provides:

"The defendant may demur to the indictment when it appears upon the face thereof: (1) That the grand jury, by which it was found, had no legal authority to inquire into the crime charged, by reason of its not being within the local jurisdiction of the county; or  *  *  *   (4) that the facts stated do not constitute a crime.  *  *  *"

[1, 2] It is well settled that the Legislature has the right to regulate matters of procedure in criminal cases.

"Such matters are now regulated by the provisions of the Code of Criminal Procedure, and however inconvenient, or even oppressive, they may appear to be in specific cases, the courts must apply them, as best they can, for they embody the commands of the law-making power in matters wherein its fiat is supreme and final." People v. Glen, 173 N. Y. 395, 66 N. E. 112.

See, also, People ex rel. Jerome v. Court of General Sessions, 112 App. Div. 424, 98 N. Y. Supp. 557, affirmed 185 N. Y. 504, 78 N. E. 149.

From the sections of the Criminal Code qouted it is clear that a motion in arrest of judgment raises the following questions only: (1) Did the court have jurisdiction of the subject-matter of the indictment? (2) Do the facts stated in the indictment constitute a crime? The information in the Court of Special Sessions takes the place of the indictment in the General Sessions or the Supreme Court. Section 742, Code Crim. Pro.

Section 31, subd. 4, of the Inferior Courts Act (L. 1910, c. 659), provides:

."All sections of the Code of Criminal Procedure consistent with this act regulating and controlling the practice and procedure of the Court of General Sessions of the Peace in the city and county of New York shall apply, as far as may be, to the practice and procedure in the Court of Special Sessions, and shall regulate and control the practice and procedure of  *  *  *  said court, in so far as its jurisdiction and organization will permit."

In People v. Huson, 187 N. Y. 97, 79 N. E. 835, the court said:

"There was a motion for a new trial but the order denying it brings up nothing for us to review. There was a motion for an arrest of judgment, but that brought up only the jurisdiction of the court over the subject of the indictment, which is not disputed, and the question whether the facts stated constitute a crime, meaning, of course, the facts stated in the indictment."

In People v. Jackson, 191 N. Y. 293, 84 N. E. 65, 15 L. R. A. (N. S.) 1173, 14 Ann. Cas. 243, the court said:

"A motion in arrest of judgment can be granted only in two cases: (1) When the court has no jurisdiction over the subject of the indictment. (2) When the facts stated in the indictment do not constitute a crime. People v. Meakim, 133 N. Y. 214 [30 N. E. 828]; Code Cr. Pro. §§ 323, 331, 467. As it is conceded that the Court of General Sessions of the Peace in which the indictment under consideration was found and tried has jurisdiction of the crime of bribery, the power of the recorder to arrest judgment depends upon the sufficiency of the indictment itself. The question before us, therefore, is the same as if the defendant had demurred to the indictment upon the ground that the facts stated therein do not constitute a crime."

See, also, People v. Kelly, 94 N. Y. 526; People v. Buddensieck, 103 N. Y. 487–496, 9 N. E. 44, 57 Am. Rep. 766; People v. Austin, 63

App. Div. 382, 71 N. Y. Supp. 601; People v. Cox, 67 App. Div. 344, 73 N. Y. Supp. 774; People v. Abeel, 45 Misc. Rep. 87, 91 N. Y. Supp. 699, affirmed 100 App. Div. 516, 91 N. Y. Supp. 1107; Id., 182 N. Y. 415, 75 N. E. 307, 1 L. R. A. (N. S.) 730, 3 Ann. Cas. 287.

As the court had jurisdiction of the subject-matter, and as the facts stated in the information constitute a crime, the Court of Special Sessions was without power to grant the order of arrest of judgment.

The order appealed from should be reversed, and the case remanded to the Court of Special Sessions, with directions to pass judgment upon the conviction. Settle order on notice. All concur.