PEOPLE v. PERRIN.

(Supreme Court, Appellate Division, Second Department. November 12, 1915.)

1. CRIMINAL LAW ☞968—COURT OF SPECIAL SESSIONS OF CITY OF NEW YORK —MISDEMEANOR—FILING OF INFORMATION—JURISDICTION.
    Where defendant was convicted of a misdemeanor in the Court of Special Sessions of the City of New York under an information filed by the district attorney in accordance with Code Cr. Proc. § 743, making it his duty so to do upon the return of a magistrate holding defendant to answer, the court had no power to arrest judgment for insufficiency of the evidence before the magistrate, since the duty of the district attorney to file the information upon which the jurisdiction of the Court of Special Sessions depends is purely ministerial and mandatory, regardless of the evidence before the magistrate, and jurisdiction is complete upon such filing.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2423–2432, 2435–2444; Dec. Dig. ☞968.]

2. CRIMINAL LAW ☞261—MISDEMEANOR—ARRAIGNMENT—INFORMATION—PRELIMINARY PROCEDURE.
    The arraignment before the magistrate and filing of the information by the district attorney thereon are mere matters of preliminary procedure, within the power of the Legislature to abolish, and do not invade the constitutional rights of defendant.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 612, 613; Dec. Dig. ☞261.]

3. CRIMINAL LAW ☞260—MISDEMEANOR—COMMITMENT—SUFFICIENCY OF EVIDENCE—COURT OF SPECIAL SESSIONS OF NEW YORK CITY—POWER TO REVIEW.
    The Court of Special Sessions of New York City has no power to review the determination of the committing magistrate on the sufficiency of the evidence; such determination being conclusive.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ☞260.]

4. HABEAS CORPUS ☞21—MISDEMEANOR—COMMITMENT BY MAGISTRATE—FAILURE OF EVIDENCE—REMEDY.
    If the evidence before the magistrate fails, defendant's remedy is by habeas corpus, which does not review the proceeding, but is purely a test of jurisdiction.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 19; Dec. Dig. ☞21.]

5. CRIMINAL LAW ☞88—COURT OF SPECIAL SESSIONS OF NEW YORK CITY—JURISDICTION OF OFFENSE.
    The Court of Special Sessions of New York City had jurisdiction to try defendant for possessing burglars' tools with intent to use, under Inferior Criminal Courts Act (Laws 1910, c. 659) § 31, since jurisdiction of the subject-matter is based upon the class of the offense charged, and not on the facts of the particular case.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 127; Dec. Dig. ☞88.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. CRIMINAL LAW ⬤➡105—MISDEMEANOR—PLEA OF NOT GUILTY—WAIVER—JURISDICTION.
    The Court of Special Sessions of New York City acquired complete juris-
diction of defendant's person when he pleaded not guilty to the informa-
tion, since such plea constituted a waiver of any illegality in the manner
of bringing him before the court.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 216–218;
Dec. Dig. ⬤➡105.]

7. INDICTMENT AND INFORMATION ⬤➡137—COURT OF SPECIAL SESSIONS OF NEW
    YORK CITY—POWER TO SET ASIDE INFORMATION.
    The Court of Special Sessions of the City of New York has no power to
set aside an information, except upon the grounds prescribed by Code Cr.
Proc. § 313.
    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig.
§§ 480–487; Dec. Dig. ⬤➡137.]

8. CRIMINAL LAW ⬤➡968—GROUNDS FOR MOTION IN ARREST OF JUDGMENT.
    In a criminal case, a motion in arrest of judgment is limited to two
grounds: First, that the court has no jurisdiction over the subject of the
indictment by reason of its not being within the local jurisdiction of the
county; and, second, that the facts stated in the indictment do not con-
stitute a crime.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2423–2432,
2435–2444; Dec. Dig. ⬤➡968.]

Appeal from Court of Special Sessions of City of New York.
John Perrin was convicted in the Court of Special Sessions of the
City of New York of possessing burglars' tools under circumstances
evidencing intent to use. From an order arresting judgment, the Peo-
ple appeal. Reversed.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH,
and PUTNAM, JJ.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Crop-
sey, Dist. Atty., of Brooklyn, on the brief), for the People.
Maurice H. Gotlieb, of New York City, for respondent.

RICH, J. The people appeal from an order of the Court of Special
Sessions of the City of New York, arresting the judgment of that
court after convicting the respondent of possessing burglars' tools
under circumstances evidencing an intent to use them in the commis-
sion of a crime.

[1] The only question to be considered on this appeal is whether the
Court of Special Sessions is empowered, after an information has been
duly filed in that court by the district attorney under section 743 of
the Code of Criminal Procedure, to arrest judgment after conviction
upon the ground that the proof before the committing magistrate was
insufficient to warrant the holding of the defendant to answer. The
Court of Special Sessions in the City of New York acquires jurisdic-
tion to hear and determine misdemeanors committed in the city through
the filing of an information by the district attorney. Sections 221,
741, 742, 743, Code of Criminal Procedure. Section 743 makes it the
duty of the district attorney, upon receiving the return of a magistrate
under section 221, to either file an information in the Court of Spe-
cial Sessions or move in that court to dismiss the proceeding. Such

information takes the place of, and is the same as an indictment in the General Sessions or Supreme Court. Section 742, Code of Criminal Procedure; People v. Cully, 167 App. Div. 332, 335, 153 N. Y. Supp. 125. His duty is not dependent upon the question of whether sufficient evidence was produced before the committing magistrate to warrant the holding of the defendant. He acts purely ministerially, compliance with the statute is mandatory, he is not permitted to exercise any discretion, and there is no analogy between the filing of the information by him and the finding and presentation of an indictment by a grand jury, which is a judicial tribunal and acts judicially.

[2, 3] The sections of the Criminal Code to which I have referred prescribe the method for commencing prosecutions for misdemeanors, other than libel, in the Court of Special Sessions of the City of New York. The Legislature has the power to abolish the proceedings before a committing magistrate and direct that prosecutions be commenced in all instances by filing an information in its Court of Special Sessions by the district attorney, and under the existing law the Court of Special Sessions of the City of New York acquires complete jurisdiction over misdemeanors committed in that city, other than libel, by the filing of an information by the district attorney. Section 742, Code of Criminal Procedure; People v. Spier, 120 App. Div. 786, 105 N. Y. Supp. 741; People v. Perez, 153 N. Y. Supp. 1133, decided May 7, 1915, by this court and not yet officially reported; People ex rel. Burns v. Flaherty, 119 App. Div. 462, 104 N. Y. Supp. 173; People v. Pascowitch, 158 App. Div. 812, 144 N. Y. Supp. 203; People ex rel. O'Brien v. Hayes, 38 Misc. Rep. 163, 77 N. Y. Supp. 284; Bartley v. State, 53 Neb. 310, 73 N. W. 744; People ex rel. Hertz v. Warden, 149 App. Div. 939, 134 N. Y. Supp. 443; People ex rel. Phillips v. Hanley, 164 App. Div. 150, 149 N. Y. Supp. 452. In addition, I think the determination of the committing magistrate that sufficient evidence has been produced before him to establish the commission of a crime and sufficient cause to believe the accused guilty thereof is conclusive, and that there is no power lodged in the Court of Special Sessions to review his determination.

[4] If the evidence before him fails, the remedy is by habeas corpus, which is not a proceeding to review, but solely to test jurisdiction, and is successful when there is an absence of necessary proof before the committing magistrate. If there is some evidence, as in the case at bar, tending to show the commission of the crime and guilt of the accused, he has jurisdiction and his commitment is final no matter how erroneous his conclusion may have been. The respondent was arraigned, after information filed by the district attorney, before a court having exclusive jurisdiction, and entered a plea of not guilty and the court thereupon obtained jurisdiction of his person, and it had jurisdiction of the subject-matter under section 31 of the Inferior Criminal Courts Act.

[5, 6] Jurisdiction of the subject-matter is based upon the authority to hear and determine offenses of the class or grade charged in the information, and is not dependent upon the facts appearing in a par-

ticular case (Hunt v. Hunt, 72 N. Y. 217, 229, 28 Am. Rep. 129), and jurisdiction of respondent's person followed and was acquired by the filing of the information and plea of not guilty thereto (People ex rel. Phillips v. Hanley, supra), and could not be affected by the illegality, if there was illegality, in the method of bringing him before the court. He waived that objection when he pleaded not guilty to the charge stated in the information and proceeded to trial.

The respondent relies upon People v. Shenk, 142 N. Y. Supp. 1031, a decision of the Court of Special Sessions, in which it is held that the court had power on a motion of the defendant to dismiss the information filed by the district attorney upon proof that the evidence before the committing magistrate was insufficient, and could send the proceeding back to him for further proof or dismiss it and discharge the defendant from custody. No statutory authority is claimed for the practice. The decision is unsound; it disregards the provisions of section 313 of the Code of Criminal Procedure, which limits the causes for which an indictment may be set aside.

The court sought to uphold its conclusion by the cases of People v. Glen, 173 N. Y. 395, 399, 66 N. E. 112, and People v. Sexton, 187 N. Y. 495, 511, 80 N. E. 396, 116 Am. St. Rep. 621, where it was held that an accused person has a constitutional right to the dismissal of an indictment upon showing that it was found upon insufficient or illegal evidence, and reasoned that the Court of Special Sessions likewise had the power to set aside an information filed by the district attorney in the discharge of his statutory duty, for insufficiency in proof before the committing magistrate. In this conclusion the Court of Special Sessions misapprehended the effect of the cases it cited to sustain its declared conclusion. Both of those cases expressly recognize the right of the Legislature to regulate all matters of procedure in both civil and criminal actions, and, in addition, the principles of law upon which the decisions rest have no application to proceedings before a committing magistrate or before the Court of Special Sessions of the City of New York. They were statutory, and may be regulated or abolished by the Legislature without interfering with the constitutional rights of a person charged with the commission of a crime cognizable by such court.

[7] The Constitution (article 6, § 23) vests the Legislature with the power to confer upon courts of Special Sessions jurisdiction of offenses of the grade of misdemeanor. No constitutional rights of the accused are involved. The Legislature had the clear right to prescribe the grounds upon which an indictment might be set aside, which it did by section 313 of the Code of Criminal Procedure, which is binding on the Court of Special Sessions, and no departure therefrom can be sanctioned.

[8] It is well settled that a motion in arrest of judgment is limited to two grounds: First, that the court has no jurisdiction over the subject of the indictment by reason of its not being within the local jurisdiction of the county; and, second, that the facts stated in the indictment do not constitute a crime. Sections 331, 323, 467, Code of Criminal Procedure; People v. Cully, supra, and cited cases. This case

also holds that such Code provisions apply to the Court of Special Sessions of the City of New York.

The order must be reversed, and the case remitted to the Court of Special Sessions of the City of New York for judgment to be rendered in accordance with law. All concur.

---

## WOODCOCK v. WALKER. (No. 331/149.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—WORKMEN'S COM-
PENSATION—PARTIES ENTITLED TO PAYMENT.

Proceeding under the Workmen's Compensation Act by Marcella J. Woodcock, widow of Hiram L. Woodcock, to obtain compensation for herself and children for the death of her husband, opposed by Fred S. Walker, employer, and the Employers' Liability Assurance Corpo-ration, insurance carrier. Question of law certified under section 23 of the Workmen's Compensation Law. The question certified is as follows:

May the compensation of Celia Grace Woodcock, Don C. Woodcock, and Margery L. Woodcock, minor children of the deceased, be paid to Marcella J. Woodcock, widow and principal dependent of the deceased?

Question answered in affirmative.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for employer.

Jeremiah F. Connor, of New York City, for Compensation Commis-sion.

Egburt E. Woodbury, Atty. Gen., and Harold J. Hinman, Deputy Atty. Gen., for the Attorney General.