THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JOSEPHINE LAMBORAY, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial
Department, July 2, 1934.

*Vincent D. Calenda,* for the appellant.

*William C. Dodge, District Attorney [Irving J. Tell* of counsel],
for the respondent.

PER CURIAM. This is an appeal from an order denying a motion
of the defendant for a new trial upon newly-discovered evidence
as provided for in section 465, subdivision 7, of the Code of Criminal
Procedure. This motion was denied on March 2, 1934, on the
ground that the magistrate was without jurisdiction to entertain
the same. On December 12, 1932, the defendant, after summary
trial in the Magistrate's Court, was convicted of disorderly conduct
and sentence was suspended. The Magistrates' Courts and the
magistrates sitting therein being only creation of legislative enact-
ments have only such powers as are given them by such legislation.

The defendant brings this motion under section 465 of the

Code of Criminal Procedure. We hold that this section of the Code of Criminal Procedure grants no power to city magistrates to grant new trials in cases disposed of by them summarily, for the Code of Criminal Procedure confers no summary jurisdiction upon them except in a few instances, of which the case at bar is not one. There was no inherent power in any court to grant new trials under the common law and this power can only be conferred upon a court by statute. In *Quimbo Appo* v. *People* (20 N. Y. 531, at p. 553) Judge SELDEN says: " The subject [the power of the Oyer and Terminer to grant a new trial after judgment], taken as a whole, can only be adequately dealt with by the Legislature, to which it appropriately belongs, and I am entirely opposed to so obvious a stretch of judicial power as would be involved in holding that our Courts of Oyer and Terminer, without the aid of any statute, possess a control over convictions for crime, which it is conceded was never possessed by the highest common-law courts in England."

In his argument before the magistrate the attorney for the defendant contended that in view of the fact that sentence had been suspended and, therefore, not executed, the court had jurisdiction to hear his motion. We cannot agree with this contention in view of the fact that the motion for a new trial was based on newly-discovered evidence. The fact that sentence was suspended in this case might have permitted the magistrate, in his discretion, to reopen the case for the reception of further evidence available at the time of the trial. We are not called upon, however, to decide this as the motion was for a new trial.

We also have some doubt as to whether this appeal is properly before us, for section 41 of the Inferior Criminal Courts Act expressly provides that only an appeal from a judgment of conviction may be taken as a matter of right.

This appeal by stipulation made by the attorney for the defendant and the district attorney is submitted to us for deliberation on one point only, namely, has the magistrate power to grant a new trial?

Order appealed from affirmed.

All concur; present, KERNOCHAN, P. J., VOORHEES and SOLOMON, JJ.