The People of the State of New York, Respondent, v. Donald H. Swerdlow, Appellant.

First Department, December 14, 1961.

*Aaron Samuelson* for appellant.

*Daniel J. Sullivan* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* After defendant's conviction in the Court of Special Sessions for assault in the third degree, he moved before that court for an order in arrest of judgment and for a new trial.

The court granted his motion but failed to signify which form of relief was being accorded. Subsequently defendant was tried again and again convicted.

We are in accord that, for the reasons stated in the dissenting opinion, if what Special Sessions granted was defendant's application to arrest judgment, it acted improperly. Furthermore, as long as the order stood unimpeached, the second trial could not legally be held. We assume, therefore, in the absence of any proof to the contrary, that the court did not do what under the circumstances it lacked the power to do, namely, retry the defendant with an order in arrest of judgment in full force and effect. We believe that what received favorable action was defendant's application for a new trial. It is quite true that the written notice of motion seeks an order in arrest of judgment only. The minutes of the argument on the motion are not before us, but the order of the court, while it stated that the motion was granted, did not purport to arrest judgment but instead set aside the verdict of conviction. And it further appears from the colloquy prior to the second trial that a motion was made orally on the argument for a new trial, and it was this motion that was granted.

We are further in accord that no grounds of which the court could take cognizance for granting a new trial were shown and that consequently it was improper. But as there was jurisdiction, the action taken was not a nullity. The defendant, having requested the court to take the improper action, is in no position to complain of the impropriety.

We have examined the record and find that the conviction was amply supported by the evidence. The judgment should be affirmed.

BREITEL, J. P. (dissenting). At the conclusion of the first trial of defendant in the Court of Special Sessions a verdict of guilty was rendered on the misdemeanor charge of assault in the third degree (Penal Law, § 244, subd. 1) arising out of an alleged attempt to resist a lawful arrest. Defendant, before sentence, moved on notice and an affidavit "for an order in arrest of judgment and setting aside the verdict of guilty". The supporting affidavit argued that the verdict was "inconsistent with the facts and law" because the charge of littering, upon which the defendant had been arrested, had not been prosecuted. Defendant contended that the arrest must therefore have been unlawful and that he was justified in using reasonable force to resist the unlawful invasion of his person. The motion was granted, by simple indorsements on the infor-

mation (one Justice dissenting) without specification of grounds or reasoning for the disposition, and the case set down for a new trial.

Concededly, neither the stated grounds for the motion nor the supporting averments were sufficient to warrant an order arresting judgment. The sole grounds for such an order are: (1) lack of jurisdiction over the subject of the information; (2) legal insufficiency of the information in failing to state facts constituting a crime; and (3) former conviction or acquittal of the same crime (Code Crim. Pro., §§ 331, 467; *People* v. *Jackson,* 191 N. Y. 293, 297; *People* v. *Cully,* 167 App. Div. 332; *People* v. *Perrin,* 170 App. Div. 375).

However, no appeal was taken by the District Attorney from the order granting the motion. Instead, a new trial was had. If the District Attorney had taken an appeal there is no doubt that the order would have been reversed and the case remanded for judgment upon the verdict of guilty (*People* v. *Cully, supra;* *People* v. *Perrin, supra;* *People* v. *Morgan,* 266 App. Div. 990). But in the absence of such appeal, the arrest of judgment stands as a final disposition, and a new trial could not be directed. The order effected a dismissal of the information and no further prosecution could be commenced without filing a new and valid information (Code Crim. Pro., § 470).

It is of no aid to the District Attorney to say that the Court of Special Sessions lacked jurisdiction to grant the order in arrest of judgment. It is unquestioned that the court had jurisdiction over the subject matter of the information and that it has power to issue orders in arrest of judgment. What was lacking here was merely a sufficient ground for granting the motion. To say that the order was void for lack of jurisdiction to issue it because sufficient grounds were not established is tantamount to treating every error of the Court of Special Sessions as jurisdictional. If that were so, the orders of that court, or any other court that acted on erroneous grounds, might be disregarded with impunity, no matter how long after the time to appeal had expired, as long as such orders were ultimately determined to have been erroneous and reversible. In short, while lack of jurisdiction is a subtle and many-faceted concept in the law, one thing it is not is simple error, no matter how egregious, by a court in the exercise of its usual powers.

Defendant took a timely appeal from the judgment of conviction entered after the second trial and from every intermediate order. Proper exception was taken to the prosecution of the trial. Certainly it may not be said that the defendant

sought the new trial by his motion "for an order in arrest of judgment and setting aside the verdict of guilty". Moreover, the defendant made it entirely clear that he had not sought a new trial when his counsel, at the outset of the second trial, objected to any further proceedings on the same information. To treat the motion as for a new trial is to ignore not only the language of the notice of motion but also the strict limits upon the power of the court, in a criminal case, to grant a new trial. Subdivision 8 of section 31 of the New York City Criminal Courts Act, which confers the power to grant a new trial in the Court of Special Sessions, lists discovery of new evidence as the only ground for granting such a motion. A criminal court, but especially the Court of Special Sessions, has no inherent authority to grant a new trial upon other grounds, the power being one that did not exist at common law and which is conferred by statute alone (*People* v. *Schmidt*, 216 N. Y. 324, 328; *Appo* v. *People*, 20 N. Y. 531, especially 543, 551–554 [per Selden, J.]; *People* v. *Schirtzer*, 6 Misc 2d 561; *People* v. *Lamboray*, 152 Misc. 206).

While section 465 of the Code of Criminal Procedure provides additional grounds for granting a new trial, which grounds might have existed in this case, there is no warrant for regarding that section as applicable to the Court of Special Sessions. In so doing, the language in section 31 of the New York City Criminal Courts Act relating to new trials would be entirely subsumed by section 465 and rendered meaningless. Thus, without suggesting that the Court of Special Sessions has no "jurisdiction" to grant a new trial upon erroneous grounds, which would be merely a faulty analysis in substance like that urged by the District Attorney with respect to the motion in arrest of judgment, the judgment of conviction rendered upon the new trial should nevertheless be reversed on the ground that the trial was erroneously allowed.

Accordingly, I am constrained to dissent and vote to reverse the conviction, vacate the suspended sentence, and dismiss the information of record.

Valente, Steuer and Bastow, JJ., concur in *Per Curiam* opinion; Breitel, J. P., dissents and votes to reverse in opinion, in which McNally, J., concurs.

Judgment of conviction affirmed.