Per Curiam.
 

 Defendant was convicted of third degree assault. Thereafter his attorney made a motion, as appears from the moving affidavit,
 
 “
 
 in arrest of judgment and to set aside the verdict as inconsistent with the facts and law ’ ’ for enumerated reasons.
 

 We read the somewhat confused record—as did the courts below—that the motion resulted in a determination to set aside the verdict and to grant a new trial, and not in arrest of judgment. There was no power whatever to grant an arrest of judgment in this case (Code Crim. Pro., §§ 467, 331; N. Y. City Crim. Cts. Act, § 31, subd. 4;
 
 People
 
 v.
 
 Jackson,
 
 191 N. Y. 293, 297;
 
 People
 
 v.
 
 Perrin,
 
 170 App. Div. 375, 379;
 
 People
 
 v.
 
 Cully,
 
 167 App. Div. 332, 335). There was power to grant a new trial, but only on the ground of newly discovered evidence (N. Y. City Crim. Cts. Act, § 31, subd. 8). While the new trial was granted upon an improper ground, it afforded defendant a second opportunity to secure an acquittal. Thereupon, on evidence which
 
 *142
 
 amply supported a conviction, sentence was suspended. In view of the fact that defendant was in nowise prejudiced, the judgment of conviction should be affirmed.
 

 Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
 

 Judgment affirmed. : ' ;