■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD HUBERT HEUVEL, Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court, Saratoga County, convicting the appellant of the crime of manslaughter, first degree, and assault, first degree, upon his plea of guilty. After appellant had pleaded guilty to the crimes he stands convicted of and was sentenced therefor, he succeeded in obtaining a writ of habeas corpus vacating the sentences imposed and ordering a resentencing at which compliance with section 480 of the Code of Criminal Procedure was directed. While awaiting resentencing, the appellant made a motion in arrest of judgment for an order permitting the withdrawal of his plea of guilty to the two crimes and the reinstatement of pleas of not guilty. After a hearing on the motion, the trial court denied the motion and resentenced appellant to the same sentences originally imposed. Appellant asserts that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. We cannot agree. It should be first noted that a motion in arrest of judgment generally is limited to the grounds that the court has no jurisdiction over the subject matter of the indictment or that the facts stated do not constitute a crime (Code Crim. Pro., § 467; *People* v. *Swerdlow,* 11 N Y 2d 140; *People* v. *Perrin,* 170 App. Div. 375) which is clearly

not the case here. Moreover, while a court, of course, has inherent power to arrest judgment to avoid the results of a clear mistake or miscarriage of justice, there is here no evidence of mistake or miscarriage of justice to invoke the use of this power. Furthermore, there is no showing that the trial court abused its discretion in refusing to allow appellant to withdraw his guilty pleas and substitute pleas of not guilty. On the instant record the trial court could clearly find that there was no fraud or coercion on the part of the District Attorney or any other basis upon which the motion involved should have been granted (*People* v. *Etheridge,* 29 A D 2d 679). Judgment affirmed. Gibson, P. J., Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Reynolds, J.; Aulisi, J., not voting.