JOHN PETERSON, Appellant, *v.* JOHN SWAN, Respondent.

Although a copy of the record has been filed with the clerk of this court, on appeal to it, the court below so far retains jurisdiction of the case as to enable it to make such amendment as it shall deem proper, and to order the amendment to be duly certified to, and filed with the said clerk, and when duly filed, it is to be regarded as part of the original return.

A motion, therefore, to remit for the purpose of permitting the court below to amend the record, if it should desire to do so, is unnecessary and should be denied.

*It seems* that when a record shows that the order or judgment of the court below appealed from, was by consent or was not an actual determination of that court, an appeal to this court may not be heard.

(Argued March 4, 1890; decided March 21, 1890.)

MOTION to remit return to the court below for amendment. The following is the opinion in full:

"It has been frequently held by this court that although a copy of the record has been filed with the clerk, pursuant to the notice of appeal, yet, the court below so far retains jurisdiction of the case as to enable it to make such amendment to the record as it shall deem proper, and to order that the amendment shall be duly certified to us and filed with our clerk.

"When thus filed, we regard it as part of the original return and proceed to hear the case as thus prepared. Of course, if the amendment be of such nature as to show that the record as amended, was not before the General Term, we should not hear it, as our jurisdiction is confined to a review of the decisions actually made by that tribunal. (*N. Y. Cable Co.* v. *Mayor, etc.*, 104 N. Y. 1.)

"The plaintiff's motion to remit for the purpose of permitting the court below to amend the record, if it should desire to do so, is therefore, unnecessary and must be denied.

"The defendant's motion for judgment will be held until the first motion day of the coming term, when it may be brought on without further notice.   What disposition beneficial to the plaintiff can be then made of the case, it is somewhat difficult to see.   If a record show that the order or judgment of a court below was by consent, or was not an actual determination of such court, an appeal to this court could not be heard, for, as already stated, we can not review decisions of the lower courts entered by consent or taken merely *pro forma,* where the record shows such facts."

*Arthur L. Andrews* for motion.

*Esek Cowen* opposed.

PECKHAM, J., reads for denial of motion.
All concur.
Motion denied.