WILLIAM E. PRATT, as Receiver of the Property and Effects of JOHN SCHAEFER, Appellant, *v.* CHARLES H. BAKER and Others, Respondents.

*Defective records — an application for the correction thereof must be made to the court of original jurisdiction.*

After an appeal is taken to the General Term of the Supreme Court from a judgment of a County Court reversing a judgment of a justice of the peace, the Special Term of the Supreme Court has no power or jurisdiction to make an order requiring an amendment of the justice's return, nor to amend the printed

papers on appeal to the County Court, nor to add to the record papers not contained in the printed case. The application to perfect an alleged defective record should be made to the court whose record is sought to be reviewed, and the appellate court may stay the argument of the appeal until the party applies to the court below to have the record corrected.

Appellate tribunals have jurisdiction to review a ruling sustaining or denying an application to amend or correct the record remaining in the inferior court, but the jurisdiction is appellate and cannot be made original save by a statute enacted under constitutional authority; such jurisdiction must be invoked in accordance with the rules of procedure and the foundation must be laid in the trial court. If a review is sought the record must be made up and exceptions so entered and preserved that the questions shall be open to investigation.

APPEAL by the plaintiff, William E. Pratt, as receiver of the property and effects of John Schaefer, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 5th day of February, 1895, granting the defendants' motion to correct the printed papers on appeal from the judgment of the County Court reversing the judgment of a justice of the peace of the city of Syracuse, by amending and correcting the justice's return by including therein certain of the defendants' exhibits read in evidence before the justice on the trial of the action in the Justice's Court.

*H. E. Miller*, for the appellant.

*W. S. MacGregor*, for the respondents.

MARTIN, J.:

This action was originally commenced in a Justice's Court. In that court the plaintiff had judgment. From that judgment the defendants appealed to the Onondaga County Court, where the judgment of the justice was reversed. The plaintiff then appealed from the judgment of the County Court, reversing the judgment of the justice, to the General Term of the Supreme Court. After such appeal, and while it was pending in the General Term of the Supreme Court, the defendants obtained from one of the justices of the Supreme Court an order to show cause at a Special Term of that court why the return of the justice of the peace made to the County Court and the printed papers on appeal should not be corrected and amended so as to include the defendants' Exhibits 1, 2, 3 and 4, which were received and read in evidence before the jus-

tice on the original trial of the case. On the return of this order to show cause the Special Term of the Supreme Court made an order ordering and requiring the appellant to correct the printed papers on appeal by annexing thereto printed copies of such exhibits, and to serve copies of such amended and corrected printed papers on appeal upon the respondents' attorney within thirty days after the service of a copy of the order. From the order thus granted the plaintiff appealed. The propriety and validity of that order is the question presented upon this appeal.

It is manifest from the papers before us that the justice's return to the County Court did not contain the exhibits, or copies of the exhibits, referred to, and that the printed papers served by the appellant contained a correct transcript of the justice's return.

The first and we think the only question that need be considered upon this appeal is whether the Special Term was authorized to grant the order appealed from. It will be observed that the appeal was from a judgment of the County Court, and not from a judgment of the Supreme Court. Under these circumstances, can it be held that the Special Term of the Supreme Court possessed authority or had jurisdiction to make an order requiring an amendment of a return of a justice of the peace to the County Court, or to amend the record of the County Court upon which the appeal was heard, or to add to the record other papers not contained in it? We think not.

"Where the defect is in the trial court record, or where the rulings of that court have not been duly entered, the application to correct or amend the record must be made to that court. An application made elsewhere will be fruitless. Appellate tribunals have jurisdiction to review a ruling sustaining or denying an application to amend or correct the record remaining in the inferior court, but the jurisdiction is appellate and can not be made original, save by a statute enacted under constitutional authority. As the jurisdiction is appellate it must be invoked in accordance with the rules of procedure, and hence the foundation must be laid in the trial court. There the original proceedings must be taken, and if a review is sought the record must be made up and exceptions so entered and preserved that the questions shall be open to investigation and require judgment. The appellate tribunal proceeds upon a tran-

script of the proceedings of the court of original jurisdiction and not upon original pleadings, papers, rulings or entries." (Elliott's Appellate Procedure, § 206.)

It is obvious, we think, that the Special Term of the Supreme Court had no jurisdiction to make the order appealed from. The application should have been to the court whose record was sought to be reviewed. Such has been the uniform practice, and where the record has been defective the appellate court has stayed the argument of the appeal until the party should apply to the court below to have it corrected. (*Livingston* v. *Miller*, 7 How. Pr. 219; *Witbeck* v. *Waine*, 8 id. 433.) In *Kenyon* v. *N. Y. C. & H. R. R. R. Co.* (76 N. Y. 607) it was held that the Court of Appeals had no power to amend a record of the Supreme Court, but that any amendment sought must be obtained from the latter. The court below has power to correct any mistake in the record and to make it conform to the facts. (*Baker* v. *The Home Life Ins. Co.*, 63 N. Y. 630; *Peterson* v. *Swan*, 119 id. 662.)

The order should be reversed, with ten dollars costs and disbursements.

HARDIN, P. J., and MERWIN, J., concurred.

Order reversed, with ten dollars costs and disbursements.