Order reversed and motion of substitution granted, in accordance with the opinion of GOODRICH, P. J.

---

EDWARD W. BROWN and MARY BROWN, his Wife, Respondents, *v.* ELIZABETH L. BROWN and Others, Appellants, Impleaded with EMELINE S. BROWN, Respondent.

Pro forma *order, entered by consent — it is not reviewable on appeal — disqualification to practice of the surrogate of Westchester county — by what census determined.*

The Appellate Division has no jurisdiction to review a *pro forma* order made at Special Term on the consent of the parties, especially where the order recites that it was granted for the purpose of permitting an appeal to the Appellate Division and that it was made without an examination of the merits by the court below.

*Quære,* whether, in determining whether section 20 of article 6 of the Constitution of the State of New York, forbidding any surrogate thereafter elected in a county having a population exceeding 120,000 from practicing as an attorney or counselor in any court of record in the State of New York or from acting as a referee, applies to the surrogate of the county of Westchester, whose term of office began January 1, 1901, the population of that county is to be determined by the last State census, taken in 1892, considered in connection with the fact that in 1895 a large portion of that county was annexed to the county of New York, or by the last Federal census, taken in 1900.

APPEAL by the defendants, Elizabeth L. Brown and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 16th day of March, 1901, denying said defendants' motion to vacate an order of reference theretofore granted in the action.

*J. Mayhew Wainwright,* for the appellants.

*J. Rider Cady,* for the respondents.

WILLARD BARTLETT, J. :

The motion at Special Term which resulted in the order appealed from involved the interesting question whether Theodore H. Silkman, who was elected surrogate of the county of Westchester for the second time on November 6, 1900, and began his second term of office as such surrogate at the beginning of the present year, has been legally qualified to act as a referee since January 1, 1901.

The Constitution of 1894 (Art. 6, § 20) contains a prohibition forbidding any surrogate thereafter elected in a county having a population exceeding 120,000 from practicing as an attorney or counselor in any court of record in this State, or from acting as a referee. The last State census was taken in 1892. According to that census the population of Westchester county in that year exceeded 120,000, but in 1895 a large portion of Westchester county was annexed to the county of New York, and it is contended that this transfer reduced the population of Westchester county to less than 120,000.

On the other hand, the United States census of 1900 shows the population of Westchester county, as then constituted, to be in excess of 120,000, and the appellants insist that the figures of this census should be received in evidence by the court, which should not regard itself as bound exclusively by the State enumeration. Of course, if this view is correct, a person elected surrogate in Westchester county since the Constitution of 1894 went into effect, would not be qualified to act as referee.

Unfortunately for the parties interested in this question, the form of the order in the record before us prevents its determination upon the present appeal. After reciting that a motion has been made to vacate the order of reference upon the ground that the referee had become incompetent to act, the order reads as follows :

" Ordered that said motion be and the same is hereby denied. *This order is granted on the consent of the parties and pro forma, to permit an appeal to the Appellate Division and without an examination of the merits of the question by the Court at Special Term.*"

It will be observed that the court at Special Term thus expressly declares that the order is granted upon consent and *pro forma ;* and, as if to prevent any possible doubt as to its character, the Appellate

Division is further informed that there has been no examination of the merits of the question by the learned judge below.

The Appellate Division has no jurisdiction to review an order of this character. It was long ago held in the Court of Appeals that that tribunal would not review a judgment entered below *pro forma* for the mere purpose of presenting the questions involved to the higher court. (*Gridley* v. *Daggett*, 6 How. Pr. 280.) " If a record show that the order or judgment of a court below was by consent," said PECKHAM, J., in *Peterson* v. *Swan* (119 N. Y. 662), " or was not an actual determination of such court, an appeal to this court could not be heard, for, as already stated, we cannot review decisions of the lower courts entered by consent or taken merely *pro forma,* where the record shows such facts."

Although some of the decisions on this subject in the Court of Appeals are based upon the language of the statute which gives that tribunal jurisdiction to review only actual determinations, the same rule applied to the former General Terms and applies to the present Appellate Division of the Supreme Court. Thus, in *Cook* v. *Allen* (5 Hun, 561) where the order sought to be reviewed showed that the denial of a motion for a new trial at Special Term was merely formal in order to give an opportunity to appeal, the General Term condemned the practice as wrong ; and in this department, in a case in which the opinion was written by Mr. Justice CULLEN, now sitting in the Court of Appeals, it is distinctly held that no appeal lies from a judgment entered by consent. (*Finch* v. *Carpenter*, 29 Hun, 268.) Indeed the rule in this respect is so familiar that we should not deem it necessary to cite any authorities whatever on the subject were it not for the experience and learning of the counsel who must have concurred in formulating the order from which this appeal is taken.

In view of the form of that order we have no alternative but to dismiss the appeal.

GOODRICH, P. J., HIRSCHBERG, JENKS and SEWELL, JJ., concurred.

Appeal dismissed, without costs.