## PEOPLE v. McVEY.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

APPEAL—RECORD—ERROR—CORRECTION.

On appeal to the supreme court from a judgment of conviction of manslaughter, the applicant cannot complain that the record does not fairly present his cause, as his remedy was to move to resettle the cause and appeal from the order denying his motion.

Appeal from trial term, Montgomery county.

Theodore McVey was convicted of manslaughter in the first degree, and appeals. Affirmed.

The defendant was barkeeper in a saloon run by one Murphy. The deceased, one Haiden, with several others, were in what was called the "Dining Room," back of the saloon, between 1 and 2 o'clock upon the morning of the day in question, having been there from the previous evening. All of them, except the defendant, were more or less intoxicated. The defendant, wishing to close up the place, was endeavoring to get one Griswold to go home, when Haiden approached him and told him not to get too fresh about it. Some conversation then passed between the defendant and Haiden. According to the evidence presented by the prosecution, the defendant struck Haiden and knocked him down, Haiden striking upon his chin upon the stove, and defendant thereafter kicked him three times. The claim of the defendant is that he simply pushed Haiden away from him as Haiden was attempting to prevent his getting Griswold out of the place, and that Haiden fell. In falling, Haiden so struck that he injured his spinal cord, and immediately died.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Florence J. Sullivan, for appellant.
Frank G. Kelsey, Dist. Atty., for the People.

SMITH, J. The act of the defendant was either manslaughter in the first degree or excusable homicide. That the death of Haiden resulted from the defendant's acts is not questioned. If the force used by the defendant was wrongful, his act was criminal; and death caused by a criminal act, without an intent to kill, is manslaughter in the first degree.

There is abundant evidence upon which the verdict of guilt can rest, and the rulings of the trial judge disclose no error prejudicial to the defendant. The case appears from the record to have been fairly tried and fairly presented to the jury. The complaint of the appellant's attorney that the record does not fairly present his case is not available upon this appeal. If the case were erroneously settled by the trial judge, the appellant's remedy was to move to resettle the case, and, upon the denial of his motion therefor, to have appealed from the order. Upon this appeal the record as presented is conclusive upon the court, and the opinion of the justice who granted the certificate of reasonable doubt can add nothing thereto. The judgment of conviction should therefore be affirmed.

All concur.