(174 App. Div. 108)

### PEOPLE v. FRANKLIN H. KALBFLEISCH CO.

(Supreme Court, Appellate Division, Second Department. September 29, 1916.)

1. CRIMINAL LAW ☞101(4)—TRIAL—PROCEDURE—JURISDICTION.

Laws 1910, c. 659, § 95, provides for arrest on magistrate's order of alleged violator of Sanitary Code, and for summary trial, or on application of the board of health, for transfer to Court of Special Sessions, but that the accused's right to jury trial shall not be affected by the statute. Laws 1915, c. 531, art. IIIA, § 44, effective May 8, 1915, repealing Laws 1910, c. 659, § 95, on and after July 1, 1915, provides for trial in such cases by the magistrate, after informing accused of his right to trial before three justices, or, for transfer on defendant's consent to the Special Sessions, or for transfer by the magistrate after examination of the case. Information was filed May 14, 1915, and trial had November 11th. The record showed only that on such date, in Court of Special Sessions, composed of three justices, defendant appeared by counsel, and, without plea, motion, or objection, proceeded to trial and was convicted, but did not show that the order required to transfer the case was ever made. *Held*, that the

Special Sessions had no jurisdiction, neither statute having been complied with.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 202; Dec. Dig. ☞101(4).]

2. CRIMINAL LAW ☞1086(2)—TRIAL—PROCEDURE—JURISDICTION.

In such a proceeding, on appeal to the Appellate Division, the record must affirmatively show jurisdiction, to warrant sustaining conviction in the Court of Special Sessions, when the case was commenced before a city magistrate by information or arraignment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2738; Dec. Dig. ☞1086(2).]

3. CRIMINAL LAW ☞1134(3)—APPEAL—SCOPE—JURISDICTIONAL MATTERS.

Though the question of sufficiency of record to show jurisdiction is not raised, the court on appeal may consider it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2989, 2990, 3056; Dec. Dig. ☞1134(3).]

4. CRIMINAL LAW ☞1110(1)—APPEAL—RECORD—DUTIES OF PARTIES.

Though it is appellant's duty to present a full record on appeal, it is the duty of the prosecuting attorney to supply defects.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2903, 2907, 2909, 2919; Dec. Dig. ☞1110(1).]

Appeal from Court of Special Sessions of City of New York.

The Franklin H. Kalbfleisch Company was convicted of violating Sanitary Code, § 96, and appeals. Reversed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

James W. Prendergast, of New York City (Joseph Walker Magrath, of New York City, on the brief), for appellant.

E. Crosby Kindleberger, of New York City (Lamar Hardy, Corp. Counsel, and Terence Farley, both of New York City, on the brief), for the People.

RICH, J. [1, 2] Irrespective of the questions presented in the briefs of counsel, this judgment must be reversed upon the ground of want of jurisdiction in the court. Prior to May 8, 1915, proceedings in the Court of Special Sessions and City Magistrates' Courts were controlled by chapter 659 of the Laws of 1910, section 95 of which, so far as material, provided:

"Upon the complaint, against any person for violation of the Sanitary Code or any sanitary regulation, ordinance, or order, made to a magistrate, such magistrate may order the arrest of any person against whom such complaint is made, as in any other case of a criminal offense and by his warrant may require any peace officer to make such arrest, and may, after such arrest, proceed summarily to try such person for such alleged offense; but no such trial shall be had on any arrest made in the city without sufficient notice thereof being first given to the department of health. Upon an application in behalf of said department made before the trial is commenced, the trial of such person, together with the papers, shall be remitted to the Court of Special Sessions, upon which court jurisdiction to try such persons is hereby conferred; but the right of any person to elect to be tried before a jury, as it may now exist, is not affected by anything herein contained."

Under this provision the Court of Special Sessions could only acquire jurisdiction of a case commenced before a city magistrate, for

a violation of the Sanitary Code, by an application being made therein by the department of health, and a failure of the defendant to demand a trial by jury.

On May 8, 1915, chapter 531 of the laws of that year, amending some provisions of chapter 659 of the Laws of 1910, became operative. Article IIIA was added, section 44 of which provides:

"Whenever a defendant is arraigned before a city magistrate for an offense which may be tried by a Court of Special Sessions held by a city magistrate, such city magistrate after taking the information and depositions and the statement of the defendant in relation thereto, or his waiver, may, with the consent of the defendant, after informing him of his right to be tried by three justices at the Court of Special Sessions provided for in articles two and three hereof, unless objection is made in behalf of the department in charge of the prosecution for a violation of a code, rule or order of such department, or in any other case by the district attorney, proceed to hold a Court of Special Sessions and try and determine such action upon the information taken by the magistrate and the plea of the defendant taken thereto by such Court of Special Sessions and shall exercise with regard thereto all the powers and jurisdiction of the Court of Special Sessions provided for in articles two and three hereof 'and may from time to time adjourn such trial. In any case where the magistrate holds a Court of Special Sessions the action shall be tried and finally disposed of by him, or if the department in charge of the prosecution or the district attorney, as the case may be, and the defendant consent, may be tried by a Court of Special Sessions to be held by the next magistrate sitting in the same Magistrate's District Court or be remitted with the papers to the Court of Special Sessions provided for in articles two and three hereof for trial * * * by three justices. * * * If the defendant shall not give such consent, or if the department in charge of the prosecution or the district attorney as the case may be shall object as aforesaid at any time before the actual trial by the magistrate in such Court of Special Sessions, the city magistrate shall proceed to examine such case as a magistrate and may, if the evidence warrants, hold such defendant to answer for trial before three justices at the Court of Special Sessions, provided for in articles two and three hereof."

After this section became operative, no case of this character could be transferred for trial to a Court of Special Sessions composed of three justices, unless the defendant consented, or in default of such consent the city magistrate proceeded to examine such case as a magistrate, and thereafter held the defendant to answer for trial before such court of three justices holding a Court of Special Sessions. People ex rel. N. Y. Disposal Corp. v. Freschi, 159 N. Y. Supp. 23. It was said in this case (and the conclusion is as applicable to a proceeding commenced before a magistrate under the provisions of section 95, before section 44 became operative, as to a proceeding commenced before a magistrate thereafter):

"An information takes the place of an indictment." People of State of N. Y. v. Cully, 167 App. Div. 335, 153 N. Y. Supp. 127. "If the court purposed to proceed upon the information laid before the city magistrate (People ex rel. Cohen v. Warden, 150 App. Div. at page 422 [135 N. Y. Supp. 159]), it could not do so without an order made by the city magistrate pursuant to section 44. On the other hand, the Court of Special Sessions could not proceed in this action as begun, without a showing in any information that an order required by the said section 44 to confer jurisdiction had been made. As the information is analogous to an indictment, it, or it and this order, would naturally and properly be part of the judgment roll (section 485, Code of Criminal Procedure), or at least could and should be part thereof. People v. Grout, No. 1, 166 App. Div. at page 222 [151 N. Y. Supp. 322]."

In other words, the Court of Special Sessions, composed of either one or three justices, could not proceed to try a case commenced by information and arraignment before a city magistrate, under the provisions of either section, until the record before it established that such proceedings had been taken and order thereupon made as conferred jurisdiction upon the Special Sessions to try the defendant. Such jurisdiction must affirmatively appear from the record, on an appeal to this court, to warrant or authorize it to sustain a conviction in the Court of Special Sessions in a case which was commenced before a city magistrate by information or arraignment.

[3, 4] Section 39 of said chapter 531 provides that section 95 of the amended statute (herein quoted) is repealed "from and after the first day of July, nineteen hundred and fifteen." The information by which the proceeding under consideration was commenced was sworn to before a city magistrate on May 14, 1915, and the proceeding thus instituted was then, and for 1 month and 17 days thereafter, controlled by the provisions of, and procedure designated in, section 95 of chapter 659 of the Laws of 1910. The record fails to show that any notice was given to the department of health, or that an application was made by it, or any order based on such application, remitting the case to the Court of Special Sessions, held by three justices, for trial. It does not appear that the summons asked in the information was issued by the city magistrate, or that the defendant ever appeared in the proceeding or entered any plea. The only procedure shown is that on May 14, 1915, the information was filed, and that on November 11th following the defendant appeared by counsel in the Court of Special Sessions, composed of three justices, and, without plea, motion, or objection, proceeded to trial and was convicted. At the time of the trial the repeal of section 95 of the Laws of 1910 had become effective, but even if the provisions of section 44 of the amendatory act controlled the procedure after July 1st, the status of the parties on this appeal is not changed, for the record fails to show that the order required by the provisions of either statute to transfer the case to that court or confer jurisdiction upon it was ever made. While it is the duty of the appellant to print a full and complete copy of the record, it is equally the duty of the prosecutor, if part of such record has been omitted, to see to it that such defective record is made to conform to the facts. Although this question is not raised, we are not precluded from considering and acting upon jurisdictional defects presented by the record.

The judgment of conviction of the Court of Special Sessions is reversed. All concur.