GILBERT J. LANE, Respondent, v. NEW YORK STATE RAILWAYS, Appellant.

Fourth Department, January 16, 1917.

Practice — motion under section 999, Code of Civil Procedure, to set aside verdict — when denial of motion not pro forma — review by Appellate Division — verdict against weight of evidence.

Where on a motion to set aside a verdict for the plaintiff on all the grounds mentioned in section 999 of the Code of Civil Procedure, the court stated that it desired the determination of the matters involved in the motion by the Appellate Division in the first instance, but, for the purpose of permitting a review of the facts by the appellate court, denied the motion *pro forma*, but the order as entered denied the defendant's

motion without qualification, the Appellate Division will treat the motion as denied upon the merits.

Evidence examined, and *held,* that the verdict of the jury as to the execution of a release by the plaintiff and as to his blindness being the result of an accident and not of disease was against the weight of evidence.

KRUSE, P. J., dissented, with memorandum.

APPEAL by the defendant, New York State Railways, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 27th day of January, 1916, denying defendant's motion for a new trial made upon the minutes after the verdict of a jury in plaintiff's favor in the sum of $4,000.

*W. A. Matson,* for the appellant.

*William J. Baker,* for the respondent.

PER CURIAM:

Upon the rendition of the verdict upon the trial counsel for defendant moved to set aside the same on all the grounds stated in section 999 of the Code of Civil Procedure, and especially upon the ground that the verdict was contrary to the weight of the evidence. The learned trial court in entertaining such motion stated that it desired the determination of the matters involved in the motion by the Appellate Division in the first instance, but stated that it would, for the purpose of permitting a review of the facts by the appellate court, deny defendant's motion *pro forma.* Subsequently an order was granted and entered denying defendant's motion without qualification.

We think that notwithstanding the expressed reluctance of the trial court to pass upon the motion upon the merits, its subsequent order denying the same evidenced more than a mere *pro forma* decision of such motion, and that for the purposes of this appeal we may consider the motion as denied by the trial court upon the merits.

Upon each of the issues as to the execution of the release by plaintiff, and as to plaintiff's blindness being the result of his fall, and not from disease, the verdict of the jury was against the weight of the evidence.

The order should be reversed, with costs, and a new trial granted, with costs to appellant to abide the event.

All concurred, except KRUSE, P. J., who dissented, and voted for dismissal of the appeal in a memorandum.

KRUSE, P. J. (dissenting):

The serious question in this case is whether the verdict is against the weight of the evidence. That question may only be reviewed by us after it has been passed upon by the trial court upon a motion made upon the minutes under section 999 of the Code of Civil Procedure, or a case under section 997 of the Code. (*Thurber* v. *Harlem B., M. & F. R. R. Co.,* 60 N. Y. 326; *Boos* v. *World Mut. Life Ins. Co.,* 64 id. 236; *Wright* v. *Smith,* 209 id. 249, 251.) While such a motion was made upon the minutes it would seem that the decision was not made upon the merits, but *pro forma,* as the trial judge stated, to get an authoritative annunciation from a higher court, and not because he thought it should be upon the merits or upon the law.

I think this court is without authority to review such an order. In a case tried by a jury, unless the verdict is merely advisory, the question as to whether the verdict is against the weight of the evidence must be first passed upon at the Trial Term or Special Term, as above stated, before it is reviewable in the Appellate Division. That does not mean a mere *pro forma* order, without passing upon the merits. Such an order is not appealable. (*Peterson* v. *Swan,* 119 N. Y. 662; *Brown* v. *Brown,* 64 App. Div. 544.) An appellate court should have the opinion of the court from which the appeal is taken upon the questions to be reviewed. And that is especially so where the question to be reviewed involves the weight of the evidence. The opinion of the judge who hears and sees the witnesses and knows the atmosphere of the trial is entitled to great weight in determining such a question.

I think the case should be remitted to the trial court to pass upon the merits. I see no difficulty in this course, because the motion was timely made and may still be regarded as pending. Of course, it is possible that the record is misleading. If so, it can be corrected. That may be readily done by adding at the end of the order that it was not made *pro forma,* but upon the

merits.   This correction would not be necessary except for what appears in the record itself, to which reference has been made.

Order reversed and new trial granted, with costs to appellant to abide event.   Held, that the verdict of the jury is against the weight of the evidence upon each of the issues as to the execution of the release by the plaintiff and as to plaintiff's blindness being the result of his fall and not of disease.