ATTILIO DE CICCO, Respondent, v. JOSEPH SCHWEIZER, Appellant, Impleaded with ERNESTINE SCHWEIZER, Defendant.

First Department, March 9, 1917.

Appeal — authority of Special Term to correct case on appeal to Court of Appeals by inserting exception to ruling of trial judge directing verdict — costs.

Where, at the close of the evidence in a trial before a jury, both sides moved for a directed verdict and the court reserved decision and afterwards directed a verdict for the plaintiff, and in the briefs submitted by the defendant it was requested that an exception be granted if the decision were adverse to him, but this was inadvertently omitted by the trial judge, and the Appellate Division modified the judgment in favor of the plaintiff without an exception in the record, and the defendant then appealed to the Court of Appeals, a Special Term, presided over by the same judge who tried the case, has authority to include the exception in the record, and upon certification of an order to that effect the Court of Appeals may consider such exception as a part of the record.

The reversal of an order of the Special Term denying such relief should be without costs, as the appellant is asking a favor.

APPEAL by the defendant, Joseph Schweizer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1917, denying appellant's motion to correct the case on appeal by inserting an exception to the ruling of the trial judge directing a verdict for the plaintiff.

*Frank G. Wild*, for the appellant.

*Michael Schneiderman*, for the respondent.

SMITH, J.:

This case was tried before a jury. At the close of the evidence both sides moved for a directed verdict. The court took the papers and reserved decision, and afterwards directed a verdict for the plaintiff. In the brief submitted by the defendant it was requested that an exception be granted if the decision were adverse to him. This was inadvertently omitted by the trial judge. Both sides appealed to this court without an exception in the record. This court modified the judgment in

favor of the plaintiff (166 App. Div. 919). The defendant then appealed to the Court of Appeals, and found himself in that court without an exception. He thereupon made application to the Special Term that his exception to the ruling of the trial court directing a verdict for the plaintiff might be inserted in the record. This application was denied solely for want of power.

In *Peterson* v. *Swan* (119 N. Y. 662) it was held that although a copy of a record had been filed with the clerk of the Court of Appeals, the court below retained jurisdiction of the case so as to enable it to make such amendment to the record as it should deem proper, and to order the amendment to be duly certified to and filed with the clerk of the Court of Appeals, and, when duly filed, it was to be regarded as part of the original return. In *Waldo* v. *Schmidt* (200 N. Y. 203) Judge Werner, in discussing the question of the amendment of the record, said: "The Trial and Special Terms have many powers and duties which are not possessed by or imposed upon the Appellate Division, and which the former may exercise even after an appeal has been taken to the latter or to this court. A few familiar instances will suffice to illustrate this phase of the court's original and continuing jurisdiction. The pendency of an appeal to the Appellate Division, or to this court, is not a bar to a motion for a new trial at Special Term. (*Henry* v. *Allen*, 147 N. Y. 346.) Substituted attorneys may move at Special Term for the delivery to them of papers in the action after an appeal has been taken. (*People ex rel. Hoffman* v. *Board of Education, N. Y. City*, 141 N. Y. 86.) And the same rule is followed in cases where, for one reason or another, the record as made in the court of original jurisdiction has to be amended for use in the appellate courts. (*Peterson* v. *Swan*, 119 N. Y. 662.)"

We are of opinion that the Special Term presided over by the same judge who tried the case had full authority to include the exception in the record, and that upon certification of an order to that effect the Court of Appeals would consider such exception as part of the record. This is not a case where if such exception be now allowed questions could be raised in the Court of Appeals which could not have been raised without the excep-

tion in the Appellate Division, for without an exception the Appellate Division has power to review a case upon law and fact and reverse or modify if justice require. This judgment itself was in fact modified in behalf of the plaintiff without exception taken by the plaintiff to the ruling of the trial judge. The order should, therefore, be reversed and the motion granted, with direction that the amendment be certified to the Court of Appeals to be considered upon the appeal from the decision of this court. As the appellant is asking a favor, this determination is without costs.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Order reversed and motion granted as stated in opinion. Order to be settled on notice.