THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MEYER LUCKMAN, HARRY LUCKMAN and FRED J. HULL, Appellants.

Second Department, June 29, 1936.

*James I. Cuff* and *Joseph A. Solovei* [*James D. C. Murray* and *James I. McGuire* with them on the brief], for the appellants.

*Franklin S. Pollak, Special Assistant Attorney-General* [*Hiram C. Todd, Special Assistant Attorney-General,* and *Edward C. Jaegerman* and *Milton D. Lifset* with him on the brief], for the respondents.

PER CURIAM. The defendants appeal from an order which amends a record on appeal by purporting to correct the record on the trial of defendants on an indictment of murder in the first degree, on which trial they were convicted of murder in the second degree.

Although the record on this appeal is incomplete in its statement of facts, there seemed to be no dispute on the argument and in the briefs that on the date set for trial, one attorney, claiming to represent the defendant Hull, made application for a short adjournment on the ground that he was at that time actually engaged in another trial — stating in an affidavit that he was the attorney for another person being tried in the County Court for the crime of murder in the first degree. His motion for a continuance was denied and the trial went on with Hull being unrepresented by counsel, as it is claimed on his part.

Two days later the attorney, having completed the other trial, appeared in court and moved for a severance as to Hull, which motion was also denied. At this time the trial had progressed only so far as the selection of four jurors. Thereafter the trial continued with no one actually representing Hull as his counsel, as the defendants claim.

The claim of the Special Assistant Attorney-General is to the contrary. He says that during the trial Hull was in fact represented not only by his attorney, but at all times by the attorneys for the other defendants; and this motion is made to incorporate into the record, among other things, certain facts observed by the prosecuting attorney and his assistants to show such representation.

These facts in part, together with the recollection of the court, would have been proper if contained in affidavits presented either on the motion for a continuance or for a severance, in so far as such incidents had occurred at the time the motions were decided; or if a motion for a new trial had been made. The events occurring on the trial would then be competent in determining the question of fact concerning the representation of Hull by counsel. But there is no authority for receiving as part of the record of trial *ex parte* statements concerning that which occurred after the motions had been made and decided.

It is provided in the statute what the contents of a record on appeal shall be. (Code Crim. Proc. §§ 456, 458, 485.) The record may be amended to include something omitted by mistake or inadvertence (*People* v. *Flanigan*, 174 N. Y. 356; *De Cicco* v. *Schweizer*, 176 App. Div. 679); or an unimpeachable document may be offered on appeal to support a judgment (*People* v. *Travis*, 257 N. Y. 474). But we know of no authority, and none is cited, that *ex parte* statements concerning events occurring during the trial but not part of the record, may be incorporated to bolster up claims of the nature of those made here. Indeed the rule is to the contrary — that evidence of the type presented here, *dehors* the record, cannot be sanctioned. (*People* v. *Flack*, 216 N. Y. 123, 126, 127; *People* v. *Seidenshner*, 210 id. 341, 357, 358.) The record must stand as made and recorded.

It follows that the order should be reversed on the law, and the motion denied except as to certain notices of appearance, designated Exhibits B and C, which, being court records in this case, may properly be included in the record on appeal, as to which the motion is granted. The same rule would apply to any other notices of appearance filed in this case.

LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ., concur.

Order reversed on the law and the motion denied except as to certain notices of appearance, designated Exhibits B and C, which, being court records in this case, may properly be included in the record on appeal, as to which the motion is granted.