HAROLD J. BURKE and VIOLA BURKE, Respondents, v. PAUL J. KERN and Others, as Commissioners of and Constituting the Municipal Civil Service Commission of the City of New York; FIORELLO H. LAGUARDIA, as Mayor of the City of New York; JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, Appellants, and JAMES V. MANGANO, Individually and as Sheriff of the County of Kings, State of New York, Respondent, and EUGENE J. MCGUIRE, Individually and as Sheriff of the County of Bronx, State of New York; and MAURICE A. FITZGERALD, Individually and as Sheriff of the County of Queens, State of New York, Intervening Defendants, Respondents.— Order, in so far as it enjoins the mayor of the city of New York, or his successor, from appointing any person to the office of city sheriff of the city of New York pursuant to a certain amendment to the New York City Charter, and in so far as it enjoins the comptroller of the city of New York, or his successor, from paying the salary or other compensation of any person appointed to the said office of city sheriff, or to any persons employed in the office of said city sheriff, affirmed, without costs. Order denying the appellants' motion for judgment on the pleadings, and granting judgment in favor of the plaintiffs and certain defendants, except in so far as it is sought to enjoin the holding of an examination by the municipal civil service commission for the office of city sheriff of the city of New York, affirmed, without costs. Judgment declaring unconstitutional, illegal and void a certain amendment to the New York City Charter, proposed by a petition filed on July 3, 1941, and enjoining the appointment of any person to the office of city sheriff of the city of New York and the payment of the salary of such city sheriff, or of any persons employed in the office of such city sheriff, and declaring that certain persons have been elected and are entitled to serve as sheriff in the counties of Kings, Bronx and Queens, respectively, affirmed, without costs. The Court of Appeals has requested an immediate decision by this court in order that the appeal to that court may be facilitated and the cause finally determined at the earliest possible date in view of the exigencies. The questions are intricate and involve the functioning of branches of the city government after the 31st day of December, 1941. Acting upon that request the orders and judgment are affirmed on the merits. (*Peterson* v. *Swan*, 119 N. Y. 662, 663.) Lazansky, P. J., Hagarty and Adel, JJ., concur; Carswell, J., concurs, with the following memorandum: This elaborately briefed case was argued at length yesterday, December eighth. We have been requested by the Court of Appeals to act thereon at once so that it may be argued before that court tomorrow, December tenth. Complying with such request precludes an adequate examination, comparable to that of Special Term, of the questions presented; hence I vote to affirm, although that vote is essentially *pro forma.* Taylor, J., dissents and votes (a) to reverse on the law and facts the order granting plaintiffs' motion for an injunction *pendente lite* and to deny such motion; (b) to reverse on the law the order denying the motion of the defendants Kern and certain others for judgment on the pleadings and granting such judgment in favor of the plaintiffs, the defendant Mangano individually and as sheriff of the county of Kings, the intervening defendant McGuire individually and as sheriff of the county of Bronx, and the intervening defendant Fitzgerald individually and as sheriff of the county of Queens, and to grant the motion of the defendants Kern and others for judgment on the pleadings; and (c)

to reverse on the law the judgment thereon entered. I am of the opinion (1) that the amendment in question is a local law within the purview of section 8 of article IX of the Constitution of the State of New York (see *Matter of Phillips* [*Hubbard*], 284 N. Y. 152, 162; *Matter of Mooney* v. *Cohen*, 272 id. 33, 39); (2) that the amendment does not violate the " one subject rule," as it deals only with the single subject of reorganization of county offices within the city of New York; and (3) that the remaining objections made to the amendment, earnestly and learnedly urged, are severally unsound.