In the Matter of Albert Tassiello, Petitioner, against James G. Wallace, as a Judge of the Court of General Sessions, et al., Respondents.

Supreme Court, Special Term, New York County, November 18, 1948.

*Edward J. Fontana* for petitioner.

*Frank S. Hogan, District Attorney* (*Charles W. Manning* of counsel), for respondents.

BENVENGA, J. Application for an order directing respondents to make a certain statement available to petitioner for incorporation in a record on appeal.

Petitioner was a defendant in a criminal action pending in the Court of General Sessions. Upon the trial of the action, the written statement of a witness who testified against defendant was handed to the trial judge for the purpose of ascertaining whether it contained any inconsistencies or contradictions with his trial testimony (see *People* v. *Walsh,* 262 N. Y. 140, 149–150; *People* v. *Schainuck,* 286 N. Y. 161, 164–166). Having determined it contained no such inconsistency or contradiction, the court refused to admit it in evidence or to make it available to defendant's counsel for use on cross-examination. Instead, the court directed that it be impounded and transmitted to the Appellate Division. The defendant having been convicted, an appeal from the judgment of conviction is now pending in the Appellate Division. It is argued that the statement is properly a part of the record on appeal, and that, unless it is incorporated therein, the Appellate Division cannot review the refusal of the trial court to admit the statement in evidence.

Assuming the petitioner is entitled to incorporate the statement in the record on appeal, his remedy in the first instance is by motion in the trial court that the case be settled by including the statement therein. If the motion is denied, or if the case is erroneously settled, then his relief is by appeal from the order denying the motion. This is the rule in civil cases (*New York Rubber Co.* v. *Rothery,* 112 N. Y. 592, 596; *Vatner* v. *Mackey,* 248 App. Div. 458; *People* v. *Foote,* 241 App. Div. 846); it is the rule in criminal cases (*People* v. *Priori,* 163 N. Y. 99, 103; *People* v. *M'Vey,* 66 App. Div. 78; *People* v. *Luckman,* 248 App. Div. 233); it is also the rule in proceedings under article 78 (see Civ. Prac. Act, § 1285, subds. 2, 4). This court is not the proper forum in which to seek relief (*Pratt* v. *Baker,* 88 Hun 301, 303–304). *Vatner* v. *Mackey* (*supra*), upon which petitioner relies, is not to the contrary. The statement in the opinion in that case that the party's remedy was an application to Special Term, must be considered in the light of the fact that the action was in equity for a partnership accounting (see *Vatner* v. *Mackey,* 250 App. Div. 383).

The application is denied without prejudice. Settle order.