Shientag, J.
(dissenting). This is an appeal from an order of the Court of General Sessions denying the defendant’s motion to amend the record on appeal from a judgment convicting him of murder in the second degree. During the course of the trial, a written statement of a witness who had testified on behalf of the People, one Irizarry, was offered in evidence by defendant’s counsel and excluded. The statement in question was one made by the witness to an assistant district attorney before the trial. This offer in evidence was made several days after the witness had completed his testimony. The Trial Judge examined the statement and said that it contained no matter that was inconsistent with Irizarry’s trial testimony. The Trial Judge not only excluded the statement and refused to allow defendant’s counsel to inspect it, but he also refused to have the paper marked for identification. Counsel for the defendant states that it is his belief that the statement bears upon the issue of identity of the criminal and that he should have been permitted to inspect it and determine whether it did contain matter contradicting the testimony of Irizarry.
At this time we are not called upon to decide whether, in view of the circumstances under which the offer was made, the paper was admissible in evidence or should have been permitted to be inspected by counsel. (See People v. Walsh, *654 262 N. Y. 140, 149; People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 34; 8 Wigmore on Evidence [3d ed.], § 2224.)
The sole question presented is whether the paper in question should be made a part of the record on appeal. On the denial of the motion to amend the record on appeal, the court below ordered the statement impounded and transmitted to this court so that this court could, if it so desired, examine the statement to determine whether the trial court improperly ruled that it contained no material inconsistencies and erroneously denied inspection of the statement to the defense at the trial. I believe, however, that when the defendant appeals to this court, he has the right to have incorporated in the record on appeal the paper in controversy which was before the court below, so that the propriety of its exclusion or use may not only be reviewed by this court, but that his counsel may be in a position to deal with it appropriately in his brief and in his argument on appeal. In People v. M’Vey (66 App. Div. 78) the court said that if the ease were erroneously settled by the Trial Judge, the appellant’s remedy was to move to resettle, and upon the denial of its motion to appeal from the order thereon. (See, also, People v. Priori, 163 N. Y. 99, 101; Code Crim. Pro., § 458.)
No claim is made that the paper contains anything that would render its disclosure inimical to the public interest. Certainly there can be no such danger to the public interest by a disclosure on appeal of the contents of the statement offered in evidence below. The defendant on his appeal is entitled not only to have the appellate tribunal inspect the impounded document in order to determine whether it was properly dealt with below (cf. People v. Miller, 257 N. Y. 54, 58-60); he is also entitled to have it incorporated in the record so as to have the benefit of his counsel’s argument thereon in this court and in any higher tribunal to which the ease may be taken.
I dissent and vote to reverse and grant the motion.
Peck, P. J., Glennon, Dore and Callahan, JJ., concur with Per Curiam opinion; Shientag, J., dissents in opinion.
Order affirmed.