■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FORTUNATO AURIGEMMA, Appellant.— Appeal by defendant from an order of the County Court, Kings County, dated October 25, 1960, denying, without a hearing, his *coram nobis* application to vacate a judgment of said court rendered February 24, 1954, convicting him, after trial, of robbery in the first degree, and sentencing him to serve a term of 10 to 15 years. The application was based on the grounds: (1) that the trial court failed to comply with the statutory requirements, in that when the jury returned with its verdict, a roll call was not taken (Code Crim. Pro., § 433); (2) that the jurors were not asked whether they had agreed upon their verdict (Code Crim. Pro., § 435); (3) that the jurors were not polled after the verdict and the verdict was not recorded (Code Crim. Pro., §§ 450, 451); (4) that defendant's attorney timely objected to such noncompliance, but his objection was omitted from the record submitted to this court on defendant's appeal from the judgment of conviction; and (5) that, consequently, this court was misled in its consideration of the appeal. Order affirmed. As the appellant, it was defendant's duty to prepare and to have settled the record on appeal from the judgment of conviction (Code Crim. Pro., § 458; *People* v. *Flanigan*, 174 N. Y. 356, 366; *People* v. *Gordon*, 26 N. Y. S. 2d 665, 666; see, also, *People* v. *Kalbfleisch Co.*, 174 App. Div. 108, 113, appeal dismissed 220 N. Y. 760). If that record erroneously omitted a material part of the trial proceedings, defendant could and should have had that error corrected before the argument of the appeal (*People* v. *Flanigan, supra*; *People* v. *Luckman*, 248 App. Div. 233, 235; *People* v. *Kalbfleisch Co., supra*; *De Cicco* v. *Schweizer*, 176 App. Div. 679). Having failed to do so, defendant may not now urge such omission from the record as a ground for relief by way of *coram nobis*. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES E. BAILEY, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered November 17, 1959, convicting him, on his plea of guilty during trial, of robbery in the second degree, and sentencing him to serve a term of 7½ to 15 years. Appellant contends that it was error to deny his motion, made before sentence was pronounced, to withdraw his plea of guilty. Judgment affirmed. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE VINCENT BUONOCORE, Appellant.— Appeal by defendant from an order of the County Court, Queens County, dated December 9, 1959 (referred to in the notice of appeal as a judgment), denying, without a hearing, his *coram nobis* application to set aside a judgment of said court, rendered October 22, 1952, upon his plea of guilty during trial, convicting him of assault in the first degree, and sentencing him to serve a term of 5 to 10 years. Order affirmed. No opinion. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE DONOWAY, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered November 7, 1960, convicting him, after a nonjury trial, of violating section 3305 of the Public Health Law (possession of narcotics), and sentencing him, as a second offender, to serve a term of one year in the New York City Penitentiary. Judgment affirmed. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.